T.C. Memo. 2012-134

UNITED STATES TAX COURT

PAT PARSONS AND SHERRY PARSONS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2044-11.                               Filed May 14, 2012.

Pat Parsons and Sherry Parsons, pro sese.

<u>Sheila R. Pattison</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of  $6,686 in
petitioners' Federal income tax for 2008 and a penalty of $1,323 under section
6662.  In an amendment to the answer, respondent alleged that the correct amounts
of the deficiency and penalty should be $7,744.01 and $1,534.20, respectively.

After concessions, the issues remaining for decision are whether petitioners are entitled to interest deductions not previously allowed and whether they are liable for the penalty. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Texas at the time they filed their petition. During 2008, Pat Parsons (petitioner) was an insurance broker and Sherry Parsons earned wages as a lease agent.

During 2008, Sherry Parsons received wage income of $48,030. On their Form 1040, U.S. Individual Income Tax Return, for 2008, petitioners reported only $44,600 as wage income.

During 2008, petitioner received nonemployee compensation totaling $79,036. On Schedule C, Profit or Loss From Business, to their Form 1040, petitioners reported only $64,470 as petitioner's nonemployee compensation.

On Schedule A, Itemized Deductions, to their 2008 tax return, petitioners claimed $20,954 in unreimbursed employee expenses that they were not entitled to deduct. The same items were claimed and deducted on Schedule C of that return.

The duplication of deductions was discovered by respondent after the notice of deficiency was sent and resulted in a portion of the increased deficiency and penalty alleged in the amendment to the answer.

On Schedule A to their 2008 tax return petitioners also claimed $8,630 for general sales taxes, which they calculated as the amounts paid for 2006, 2007, and 2008. They were entitled to claim only $1,448 for 2008. The excess sales taxes claimed resulted in a portion of the increased deficiency and penalty alleged in the amendment to the answer.

On Schedule A to their 2008 tax return, petitioners deducted home mortgage interest of $9,410. On Schedule C, they deducted "other interest" of $1,410. Petitioners' mortgage holder reported to the Internal Revenue Service that petitioners paid $8,065 of interest in 2008.

Petitioner prepared petitioners' return for 2008 with the help of a friend who was not a tax professional.

## OPINION

At the time of trial, petitioners entered into a stipulation of settled issues in which they conceded the unreported income and erroneous deductions set forth in our findings of fact. The parties agreed that the issues to be tried were whether petitioners were entitled to deductions for interest on a home improvement loan

and on life insurance policy loans and whether they were liable for the section 6662 penalty.

With respect to the home improvement loan, petitioner contends that it related to an air conditioning unit used for his home office. However, the documents produced show that the unit was installed in 2003. Petitioner has asserted that he can deduct sales tax and medical expenses paid over a three-year period, and he appears to be making a similar claim with respect to interest paid before 2008. However, a deduction is allowed only for interest paid during the taxable year to which the tax return relates. See sec. 163(a). We cannot accept petitioner's testimony without documentary corroboration, which he did not provide. Additionally, he failed to show actual use of the insurance loan proceeds for business expenses, a prerequisite to deductibility. See sec. 163(h). Petitioners failed to present credible evidence or records to show that they are entitled to any deductions for interest beyond the amounts previously allowed. They have thus failed to carry their burden of proof. See Rule 142(a).

Section 6662(a) and (b)(1) imposes a 20% accuracy-related penalty on any underpayment of Federal income tax attributable to a taxpayer's negligence or disregard of rules or regulations. Section 6662(c) defines "negligence" as including any failure to make a reasonable attempt to comply with the provisions of the Code

and defines "disregard" as any careless, reckless, or intentional disregard. Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Sec. 1.6662-3(b)(2), Income Tax Regs.

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties and must come forward with sufficient evidence indicating that it is appropriate to impose penalties. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). However, once the Commissioner has met the burden of production, the burden of proof remains with the taxpayer, including the burden of proving that the penalties are inappropriate because of reasonable cause or substantial authority. Id. at 446-447. Considering the substantial amounts of unreported income, duplication of deductions, and erroneous deduction of amounts paid in prior years, respondent has satisfied the burden of producing evidence that the penalty is appropriate.

The accuracy-related penalty under section 6662(a) is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent

facts and circumstances.  <u>See</u> sec. 1.6664-4(b)(1), Income Tax Regs.   Petitioners

have not shown reasonable cause.  They offered no explanation for the omitted

income.  Their theories purporting to justify duplicated or erroneous deductions are

implausible.  They did not seek competent tax advice.  The penalty will be sustained

on the recomputed and increased deficiency.  To reflect the stipulation of settled

issues,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
